**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In Re:                                                Case No. 9-09-bk-25037-ALP

Alan Daniel Chase and Christine M. Chase         Chapter 13

                 Debtors.
_____/

## ORDER CONFIRMING PLAN

THIS MATTER came on for a hearing on October 7, 2010 following the transmittal of the Debtor's[1] Chapter 13 plan (the "Plan," reference to which shall include any subsequent modification made by prior order, in open court during the hearing, or this order) to all parties in interest. Any modification to the Plan that the Debtor made at confirmation has been incorporated herein. The Court makes the following findings:

     A.      The Plan complies with the provisions of Chapter 13 of the Bankruptcy Code[2] and with other applicable provisions of the Code;

     B.      Any fee, charge, or amount required under chapter 123 of Title 28 of the United States Code, or by the Plan, to be paid before confirmation, has either been paid or shall be paid by the Chapter 13 Trustee ("Trustee") from the monies held pursuant to section 1326(b);

     C.      The Plan has been proposed in good faith and not by any means forbidden by law;

     D.      The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor had been liquidated under Chapter 7 of the Bankruptcy Code on such date;

---
1.      All references to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.
2.      All statutory references are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise noted.

E. The treatment of each allowed secured claim provided for by the Plan complies with the provisions of section 1325(a)(5):

F. The holders of secured claims, whether or not dealt with under the Plan as confirmed, shall retain the liens securing such claims;

G. The Debtor will be able to make all payments under the Plan and to comply with the Plan;

H. The action of the Debtor in filing the petition was in good faith; and

I. The Debtor has complied with section 1325 (a) (8) and (9).

Accordingly, it is hereby

**ORDERED**:

1. The Plan is confirmed.

2. Payments by the Debtor as initially set forth in the attached Exhibit "A," incorporated herein by reference, shall be made each month by money order or cashier's check for 60 consecutive months commencing on November 29, 2009 to the Chapter 13 Standing Trustee, Jon M. Waage, P.O. Box 260, Memphis, TN 38101-0260. Nevertheless, in the event the Trustee has insufficient monies to make distribution pursuant to this order, or any other court order, the payments may be adjusted during the life of the Plan without further order of this Court.

3. The Debtor is prohibited from incurring any non-ordinary course post-confirmation debt during the term of this Plan without prior approval of the Court or the Trustee.

4. Claims are allowed and security surrendered to creditors set forth in Exhibit "A".

5. Distributions by the Trustee shall commence and continue on a monthly basis in the following order:

   (a) The Trustee's percentage fee, as allowed by the U.S. Trustee.

   (b) The attorney fees for the Debtor's attorney, which are hereby approved in the total sum of $3,250.00 of which $3,000.00 was previously paid by the Debtor as a retainer. Therefore, the Trustee shall pay the Debtor's attorney, David Lampley, Esquire, the sum of $250.00 as an approved administrative expense for attorney fees and expenses, in full, without interest, during the life of the Plan.

   (c) Creditors' claims in accordance with Exhibit "A" or as subsequently allowed after the claims bar date.

6. Provisions for treatment of adjustable rate mortgage payments and escrow account adjustments are as follows:

   (a) The Debtor shall forward any notice of change of mortgage payment or escrow amount ("Notice") to the Trustee as soon as it is received.

   (b) Upon receipt of the Notice, the Trustee shall adjust the payment required to be made by the Debtor under the Plan in accordance with the Notice, to provide for the continued payment of the creditors' claims in accordance with Exhibit "A".

(c) The foregoing provisions are, in effect, a modification to the Plan, which is deemed requested by the Trustee as provided in section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

7. Provisions for both pre-petition and post-petition arrearages, if any, on allowed secured claims are included in the Plan. After the completion of all payments under the Plan and the entry of a discharge of the Debtor, the delinquencies on mortgages and security interests related to such claims will be deemed cured and their contractual maturities reinstated. All post-petition late fees and charges incurred incident to the Plan shall be discharged.

8. The claims of creditors whose liens have been avoided by separate Court order will be subject to the following:

(a) The unsecured amount will be treated in accordance with the Plan.

(b) If the case is dismissed after entry of this order, the payments received by the creditor from the Trustee will apply to reduce the debt, but the lien will not be avoided.

(c) Upon the earlier of (i) the payment of the underlying debt in full, or (ii) the entry of a discharge under section 1328, the lien of the creditor shall be avoided, without further order.

9. If any claim (secured/priority/unsecured) is filed after entry of this order, the Debtor through counsel, if any, must timely file an appropriate motion to modify the confirmed Plan and any objection to claims or motions to value claims.

10. If the bar date to file proofs of claim has not yet expired:

(a) The Debtor shall have thirty (30) days following the expiration of any bar date to object to any claim filed after entry of this order.

(b) The Debtor shall have thirty (30) days following the filing of an untimely claim to file an objection.

(c) Failure to timely object to a claim shall result in the allowance of the claim, and the Trustee shall include payments to these creditors pro rata in addition to those creditors currently listed on attached Exhibit "A".

(d) The Trustee shall review the claims register after all bar dates have passed and may file a motion to dismiss if the Debtor fails to timely take appropriate action to address all filed claims.

11. The Trustee shall hold all funds payable to general unsecured creditors for at least thirty (30) days after the bar date for filing claims has passed, and the Trustee may continue to hold all such funds until all objections to claims have been resolved.

12. The Debtor is responsible for paying all post-petition ongoing homeowners' assessments, homeowners' dues, and /or property taxes. The automatic stay shall not apply to these debts.

13. The Debtor is responsible for paying any domestic support obligation that first becomes payable after the petition date.

14. Variations in distributions between the Plan and this order shall be governed by the provisions of this order.

15. All objections to confirmation of the Plan were resolved at the confirmation hearing or are resolved by this order.

16. By not later than 180 days prior to the Debtor's last payment, the Debtor shall file a declaration under penalty of perjury (see 28 U.S.C. section 1746) that (i) lists all domestic support obligations and whether such obligations are current and (ii) section 522 (q) (l) is not applicable and that no proceeding is pending in which the Debtor could be found guilty of an offense listed in section 522 (q) (l).

17. The entry of a discharge shall be withheld unless the Debtor completes the required personal debtor financial management course. Prior to completing all payments under the Plan, the Debtor shall file with the Court a certificate that such course has been completed.

18. This case is not subject to the provisions of section 521 (i) (l).

19. Payments to creditors, by the Trustee shall be in periodic installments. Creditors including all taxing authorities may not reject a payment simply because it may not pay a particular claim in full.

DONE and ORDERED in Chambers at Ft. Myers, Florida on __ November 14, 2010 _.

David H. Adams
United States Bankruptcy Judge

Copies to be provided by CM/ECF service

JMW/MEC/sn

# APPENDIX

## State Taxes

**Unemployment Taxes**.  Mail reports and payments to:

> Department of Labor and Security
> Hartman Building, Suite 307
> 2012 Capital Circle, Southeast
> Tallahassee, FL  32399-0658

**Sales Taxes**.  Mail reports and payments to:

> State of Florida
> Department of Revenue
> Office of General Counsel/Bankruptcy Section
> P.O. Box 6668
> Tallahassee, FL  32314-6668

## Federal Taxes

**Federal tax deposits of social security taxes (employer and employee shares) and withholding taxes are to be made within three banking days after each payroll is made. Deposits are to be made in a Federal Reserve Bank or a commercial bank authorized to accept federal tax deposits.  Deposits are to be made by cashier's or certified check and be accompanied by Form 8109, Federal Tax Deposit Withheld Income and FICA Taxes.  If Form 8109 is not available, deposits are to be mailed within the time prescribed or deposits to the address indicated below. If you pay amounts with Form 941 that should have been deposited, you may be subject to penalty. See Deposit Penalties in Section 11 of Pub. 15 (Circular E).**

**Mail original returns (pre-petition), (prior to confirmation) to the appropriate district office listed below according to the county listed in the bankruptcy petition as the debtor's residence or place of operating business.**

**If any taxes are due on the pre-petition returns, they should be included in the Plan (paid through the Trustee) and the IRS should be noticed at the Philadelphia address regarding the bankruptcy**

| | |
|---|---|
| Jacksonville District | Ft. Lauderdale District |
| Internal Revenue Service | Internal Revenue Service |
| **Attn:  Insolvency, Stop 5720** | **Attn:  Insolvency, Stop 5730** |
| 400 W. Bay Street, Suite 35045 | P.O. Box 17167 |
| Jacksonville, FL  32202 | Ft. Lauderdale, FL  33318 |

**Mailing of original returns, (post-petition), (after confirmation) and/or payments for those specific returns should be sent to the regularly scheduled address as listed by the IRS on your filing information**

# EXHIBIT A

**CLAIM #**

**Attorney Fees (per paragraph 5 (b)**

David Lampley, Esquire

($3,250.00 - $3,000.00 = $250.00 through the Plan)  $     250.00  **Total**

**Minimum Distribution to unsecured:**                   $   8,400.00

    **Order of Distribution:**

1. Adequate protection over life of plan or until creditor is paid in full.
2. Domestic Support Obligations, pro rata
3. Allowed Attorney's Fees
4. Secured/Valued Balance plus interest over the life of the plan or as otherwise specified, pro rata.
5. Small Secured creditors-Under $500.00 in balance, pro rata
6. Arrearages
7. Other Priority Creditors, pro rata
8. Pro-Rata Distribution to Unsecured Creditors

**Total monthly amount to be paid to the Chapter 13 Trustee commencing November 29, 2009 the sum of $156.00 x 12; thereafter commencing November 29, 2010 the sum of $162.00 x 48 months.**

**Total Estimated Plan Length  60  Months: (Reference page 2, paragraph 2)**